UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THERESA MINKIN,

                              Petitioner,

       v.                                                       3:03-cr-0167

UNITED STATES OF AMERICA,

                              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## ORDER

      Petitioner moves for a lesser sentence pursuant to Booker v. United States, 125 S. Ct. 738 (2005).  It is clear that Defendant's *pro se* motion should be considered as made under 28 U.S.C. § 2255 because of the nature of the relief sought. See 28 U.S.C. § 2255 (allowing claims that assert that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)(Relief pursuant to Section 2255 is available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in [a] complete miscarriage of justice.'") (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995))(internal quotation marks and citations omitted).

      Courts regularly convert inartfully drafted *pro se* post-conviction motions into Section 2255 motions. See James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002); Jiminian v.

Nash, 245 F.3d 144, 148 (2d Cir. 2001); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997).  "[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion[,] ... the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it ...." Castro v. United States, 124 S. Ct. 786, 792 (2003); Adams, 155 F.3d at 584 (same).

> The Second Circuit has noted that:
>
> In *Adams* we noted that the [Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")] "places stringent limits on a prisoner's ability to bring a second or successive" § 2255 motion.  155 F.3d at 583.  In view of this, we reasoned that if a district court treats a motion filed under some other provision as a § 2255 motion, then the movant's one chance at § 2255 relief would be used up--without the movant's consent and despite the movant's possible ignorance of the consequences.  "Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." *Id.*  With this in mind, we determined that district courts should not convert motions "purportedly made under some other rule" into § 2255 motions unless
>
> "(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or
>
> (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." *Id.* at 584.

Simmon v. United States, 359 F.3d 139, 141 (2d Cir. 2004).

In this case, the Court is returning Petitioner's motion with the caution that, if she re-files it, the Court will treat it was a motion under Section 2255. In determining whether to re-file her motion, Petitioner should be aware that:

> (A) A person is generally afforded only one Section 2255 motion unless the second motion involves newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. See 28 U.S.C. §§ 2255, 2244(b). Thus, all potential claims must generally be included in the initial Section 2255 motion;
>
> (B) A section 2255 motion filed after April 24, 1996[1] is subject to a one year period of limitation which runs from the latest of four specified events laid out in § 2255. See 28 U.S.C. § 2255;[2] Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998)(One of the purposes of the AEDPA was to create a statute of limitations for the "... filing of petitions for writs of habeas corpus and motions to vacate federal sentences."). Further, a "§ 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003).;
>
> (C) The failure to raise an issue on direct appeal may present a procedural bar to raising an issue in a Section 2255 motion. See Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)("Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise

---

[1] The AEDPA became effective on April 24, 1996.

[2] These are:

(1)   the date on which the judgment becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

the issue, and prejudice resulting therefrom; or (2) actual innocence.")(citing Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)); Bousley v. United States, 523 U.S. 614, 622 (1998); but see Massaro v. United States, 123 S. Ct. 1690, 1696 (2003)(A Section 2255 ineffective assistance of counsel claim is not barred even if not raised on direct appeal).  Further, "a determination in a first § 2255 petition that the claims raised were unexhausted *and* procedurally defaulted 'qualifies as an adjudication on the merits.'" Villanueva, 346 F.3d at 60 (quoting Turner v. Artuz, 262 F.3d 118, 122-23 (2d Cir.)(*per curiam*), cert. denied, 534 U.S. 1031 (2001))(emphasis in original).  Thus, Petitioner should advise the Court of a justifiable basis to consider claims that were not raised on direct appeal.

Before concluding, the Court notes that it appears unlikely that Petitioner would be entitled to any relief under her present motion for two distinct reasons.  First, Booker does not apply retroactively to cases on collateral review.  Second, Petitioner pleaded guilty to Count 1 of the Superseding Indictment which charged a conspiracy involving 50 or more grams of crack cocaine and 500 or more grams of cocaine.  As such, her 70 month sentence falls well within the statutory maximum and minimums and the sentencing guidelines.

For the foregoing reasons, Petitioner's motion is DENIED without prejudice to refiling it as a motion under section 2255.

IT IS SO ORDERED.

Dated:    August 1, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge